IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**ARISTOTLE, INC.**                                                                                                      **PLAINTIFF**

**v.**                             **Case No. 4:15-mc-003-KGB**

**GOOGLE, INC.**                                                                                                **DEFENDANT**

## ORDER

Plaintiff Aristotle, Inc. filed this miscellaneous action against defendant Google, Inc. "for the sole purpose of the issuance of a subpoena to Defendant demanding the production of [] documents . . . ." (Dkt. No. 1, ¶ 2).  Aristotle states that it is involved in an employment dispute that its former employee Morgan A. Long filed with the Arkansas Department of Labor on August 25, 2014.  In this action, Aristotle asks that the Court issue a subpoena to Google "demanding the production of the documents transferred to Mr. Long's Google Docs account on July 27 and 28, 2014" (*Id.*).  For the following reasons, the Court denies Aristotle's motion to issue subpoena for documents and dismisses without prejudice this action *sua sponte*.

"Federal Rule of Civil Procedure 45 grants a district court the power to issue subpoenas as to witnesses and documents, but the subpoena power of a court cannot be more extensive than its jurisdiction." *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988).  Accordingly, "if a district court does not have subject-matter jurisdiction over the underlying action, and the process was not issued in aid of determining that jurisdiction, then the process is void . . . ." *Id.*  "The judicial subpoena power not only is subject to specific constitutional limitations, . . . but also is subject to those limitations inherent in the body that issues them because of the provisions of the Judiciary Article of the Constitution." *United States v. Morton Salt Co.*, 338 U.S. 632, 642 (1950).  Therefore, a district court is "without power to

issue a subpoena when the underlying action is not even asserted to be within federal-court jurisdiction." *Houston Bus. Journal, Inc. v. Office of Comptroller of Currency, U.S. Dep't of Treasury*, 86 F.3d 1208, 1213 (D.C. Cir. 1996) (finding that federal district court lacked jurisdiction to issue subpoena in aid of litigant's defense in state court).

As the Court of Appeals for the District of Columbia Circuit stated in *Houston Business Journal*:

> [T]his result is compelled by the limitations on the role of discovery in federal court. The federal courts are not free-standing investigative bodies whose coercive power may be brought to bear at will in demanding documents from others. Rather, the discovery devices in federal court stand available to facilitate the resolution of actions cognizable in federal court. Article III of the Constitution limits the federal courts' subpoena power to cases where a federal court has subject-matter jurisdiction over the underlying action, or in certain circumstances where an action is cognizable in federal court, or where the subpoena is necessary for the court to determine and rule upon its own jurisdiction, including jurisdiction over the subject matter.

86 F.3d at 1213 (internal quotes and citations omitted). "In general, a state-court litigant seeking to compel a non-party to produce documents must use the state court's subpoena power or, if the non-party is beyond the jurisdiction of such court, use whatever procedures another state may provide." *Id.*

In this case, Aristotle indicates that its employment dispute with a former employee is a wage claim filed with the Arkansas Department of Labor. Aristotle's motion to issue subpoena for documents does not allege or assert that this Court has subject-matter jurisdiction over its underlying action, nor does the motion otherwise indicate that Aristotle's employment dispute is cognizable in federal court. Furthermore, Aristotle's motion does not seek an issuance of a subpoena to aid in determining if this Court has jurisdiction over the underlying action. In short, this Court does not have subject-matter jurisdiction over Aristotle's underlying action. Even if Aristotle's underlying action were somehow cognizable in federal court, however, Rule 45

would require this Court to deny Aristotle's motion to issue subpoena for documents because this Court is not "the court where the action is pending." Fed. R. Civ. Pro. 45(a)(2) ("A subpoena must issue from the court where the action is pending."). Therefore, the Court denies Aristotle's motion to issue subpoena for documents and dismisses without prejudice Aristotle's miscellaneous action (Dkt. No. 1).

SO ORDERED this 6th day of April, 2015.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge